The opinion of the court was delivered by
Pochk, J.
Defendant appeals from a conviction under an information charging that he had “ exacted and extorted under color of Ms office the sum of $3,” and from a sentence of afine of $301. His complaint is from the ruling of the trial judge in rejecting his motion in arrest of judgment, which was based on the omission of the pleader to state or mention in the information that the accused held any office at the time that he is charged with having extorted money under color of his office.
The judge held that'the defect of the information was one of form, and not of substance, and that, therefore, the objection came too late, after the jury had been empanelled.
On appeal, the State makes the point that the motion in arrest having been filed more than four days after conviction, was not presented within a reasonable time, and that, therefore, it should not be considered.
But as this is not one of the proceedings which takes place, or originates in this court, we have no other power to review it but under our appellate jurisdiction, and the record shows that the objection now urged was not made below, and that, therefore, no ruling was made thereon by the trial judge. Hence, we can not consider the point made here for the first time.
In the case of the State vs. Romano, 37 An. 98, this court took occasion to reaffirm the pre-existing rule on this question, and which was formulated thus: ‘ ‘ The appellate court can not consider and determine questions of law which were not submitted to and passed upon by the trial judge.” State vs. Arthur, 10 An. 265; State vs. Bass, 11 An. 862.
*81 In the cases quoted by the Attorney General in support of the principle which he invokes, the point had been submitted to and disposed of by the trial judge, State vs. Fritz, 27 An. 360; State vs. Gotten, 36 An. 980.
On the merits of the motion in arrest, the question presented for solution is to determine whether the defect complained of is one of form or of substance.
The statute on which the prosecution is predicated reads:
“Any judge, justice of the peace, sheriff, coroner, constable or other civil officer who shall be guilty of oppression or extortion in the administration or under the color of his office, shall, on conviction, suffer fine or imprisonment, or both, at the discretion of the court.” R. S., Sec. 868.
From the plain language of the statute it is very clear that it is of the very essence of a prosecution thereunder that the accused must be charged and proved to hold one of the offices therein designated. Under that statute, it is too clear for argument that one who is not a “ judge, justice of the peace, sheriff, coroner, constable or other civil officer” can not be guilty of oppression or extortion under the color of his office. Now, in the information under discussion, the District Attorney used the following language: ‘ ‘ That one Pierre Lubin, late of the parish of St. John the Baptist, on or about the 17th day of August, in the year of our Lord 1889, with force and arms, in the parish aforesaid, and within the jurisdiction, etc., * * * did unlawfully exact and extort, under the color of his office, the sum of $3.”
The information is throughout entirely reticent as to what office, if any, the accused held at the time that he exacted and extorted money.
It is thus'very apparent that the information lacked an essential ingredient, without which no crime was charged and no conviction could be legally obtained.
We are clear in the conviction that the omission was not of the kind which is cured by joinder of issue and by verdict.
The omitted averment is a matter of substance; hence, we hold that it was not waived by pleading to the information or cured by the verdict. State vs. Palmer, 32 An. 565; State vs. Durbin, 20 An. 408; State vs. Edson, 10 An. 229; State vs. Stiles, 5 An. 324.
We therefore conclude that the information was essentially and *82 iatally defective, and that the motion in arrest of judgment should have prevailed.
It is therefore ordered that the verdict and sentence appealed from be annulled and set aside, that the information presented in this case be quashed, and that the defendant be discharged.
Judgment reversed.